S. L. WOOLDRIDGE v. J. H. D. BOWMAR, RECEIVER.

1. MORTGAGE.   *Accommodation notes payable pro rata.   Rights of indorsee, maker, and payee respectively.   Proceeds of sale under mortgage.*

C. executed eight accommodation promissory notes for $2,500 each in favor of K., payable at different times, and secured by a mortgage on certain property deeded to C. by K. for the purpose of being thus incumbered. K. indorsed the notes and transferred them to W. The first two notes were taken up by K. at maturity, but not cancelled. K. afterward assigned all of his assets for the benefit of his creditors. But the assignment was vacated, and B. was appointed receiver of his estate, and as such came into possession of the two ʼuncancelled notes taken up by K. W., on the non-payment of the remaining notes held by him, obtained a decree for the foreclosure of his mortgage, and the property therein embraced was sold under such decree. B. appeared and asked that he be allowed a *pro rata* share of the proceeds of the sale in proportion as the two notes were a part of the series secured by the mortgage. *Held,* that W. was entitled to the whole proceeds of the sale.

2. SAME.   *Accommodation notes   Indorsee holding some.   Payee holding others. Proceeds of sale.*

As between C. and K. in the case above stated the notes imposed no obligation on the former, and B., as receiver of K.'s estate, stands in no better attitude than K. would. The notes taken up by K. must be disregarded or treated as the notes of K. secured by a mortgage on his own land. The mortgage as to the notes held by W. is good against both K. and C., and C. is entitled as against K. to have the proceeds of the mortgaged property applied to the payment of the notes held by W., as he is not liable on those held by B.

APPEAL from the Chancery Court of Warren County.

Hon. Warren Cowan, Chancellor.

On January 24, 1881, T. E. Crutcher executed eight promissory notes for two thousand five hundred dollars each, ·payable to the order of George M. Klein, and falling due, three in one year, three in eighteen months, and two in two years. These notes were secured by a mortgage on certain real estate in Warren County, with a condition therein that all the notes should be paid *pro rata* out of the proceeds if it should be foreclosed. The notes were executed by Crutcher as the friend and agent of Klein, at his request and for his benefit, he agreeing to pay them at maturity and to save Crutcher harmless. The property mortgaged to secure these notes belonged to Klein, but was deeded to, Crutcher for the purposes of this transaction. Klein took the notes, indorsed them, and transferred them to S. L. Wooldridge. The first two notes were taken up by Klein at maturity. He did not cancel them, but deposited them with other private papers. Soon afterward George M. Klein made an assignment of all his interests for the benefit of his creditors. J. H. D. Bowmar was afterward on application appointed receiver to take charge of the assets of Klein. As such receiver, the two uncancelled notes above mentioned as taken up by Klein fell into his hands. In the meantime Wooldridge had proceeded to file a bill before the Chancery Court of Warren County to foreclose his mortgage given on the property and sell the same to satisfy the notes still held by him, amounting in all to fifteen thousand dollars. Bowmar was not a party thereto. A final decree in favor of Wooldridge was rendered, the property ordered to be sold, the sale made, and the proceeds thereof paid into court. The receiver, Bowmar, appeared before the court, asked that the sale be not confirmed, that the property be re-sold, and that he be allowed to receive his *pro rata* share of the proceeds, claiming that the two notes taken up by Klein were properly assets of his estate and entitled to a proportionate share of the proceeds resulting from the sale of the property mortgaged to secure the series of notes of which they were a part. The Chancellor confirmed the sale already made, but ordered that one-fourth of the proceeds thereof be paid over to Bowmar, the receiver. Wooldridge appealed.

*A. B. Pittman,* for the appellant.

The principles contended for by appellee's counsel may be fully admitted, but the attempt to apply them to the facts of this case constitutes a perversion of the principles themselves. It may be admitted that a court of equity might have power to treat all of the notes as valid, subsisting evidences of indebtedness if necessary to subserve the ends of justice between parties. Under the facts in this case, however, the notes in the hands of Klein evidenced no indebtedness or right. They had no validity. His assignment for the benefit of creditors gave to them no efficacy. His assignee was not a purchaser for value without notice, and the receiver, his successor, had no property in the notes. The right of the assignee was in the property itself. He had a right to redeem by paying the notes held by Wooldridge, or if there had remained a surplus of proceeds of the sale he would have been entitled to receive the same.

*A. B. Pittman* also made an oral argument.

*Birchett & Gilland,* for the appellee.

The mortgage made by Crutcher expressly provides that in case it shall be foreclosed, all the notes shall be paid *pro rata* out of the proceeds. And this would be the law whether the deed of trust so provided or not. *Cage* v. *Iler,* 5 S. & M. 410 ; *Henderson* v. *Herrod,* 10 S. & M. 631.

The mortgage deed, or the mortgagor in assigning, may give priorities, otherwise the notes *must* be paid *pro rata.* *Pugh* v. *Holt,* 27 Miss. 461 ; *Bank* v. *Tarleton,* 23 Miss. 173 ; *Jefferson College* v. *Prentiss,* 29 Miss. 46 ; *Goar* v. *McCanless,* 60 Miss. 244. Klein gave no priorities by his assignment.

Where the holder of one of a series of mortgage notes indorses it to a third person and afterward takes it up he does not lose his lien, but is substituted to his original rights. *Terry* v. *Woods,* 6 S. & M. 139.

If the notes now in the hands of appellee were held by creditors of George M. Klein, they would certainly be entitled to share in the proceeds. They are held by appellee in trust for Klein's creditors, and are entitled to the same consideration as if held by creditors in person.

As the case now stands, the holders of all the notes are on an equal footing and should share the proceeds of foreclosure. Appellant has all that he could have expected to get when he got the notes.

Cooper, C. J., delivered the opinion of the court.

On the facts disclosed by the record it is clear that the notes executed by Crutcher imposed no personal obligation on him as between himself and Klein and volunteers under him.

As between Crutcher and Klein, Klein would have been the real debtor to any person to whom the notes had passed for value, and it would have devolved on him to indemnify Crutcher against personal loss. So far, then, as the notes in the possession of Bowmar are concerned, they must be disregarded or considered as the notes of Klein, secured by a mortgage on his own land.

There are two reasons either of which is sufficient to maintain the prior right of Wooldridge to the whole of the proceeds of the sale. First, Bowmar, receiver, stands in no better right than would Klein or his assignee, and neither Klein nor his assignee, claiming under an assignment of all his estate, could have any interest in the notes as property. They might be valuable as evidence of the extent of Klein's right to the land held by Crutcher, but this is the sole purpose for which they could be used, and when all the facts are shown it appears that the land itself is subject to a mortgage for the notes held by Wooldridge, as against both Klein and Crutcher, and consequently against Klein's assignee and the receiver of his estate.

The second reason is that Crutcher is entitled to protection at the hands of Klein as against his liability to Wooldridge on the notes held by him, and since he is not liable on the notes held by the assignee, the court ought in the distribution of the fund in hand to protect him by discharging the notes which are binding upon him.

*The decree is reversed and a decree ordered to be made here directing payment of the whole fund to Wooldridge.*